## Case No. 17,175.

### WARFORD v. NOBLE et al.

[19 Am. Law Reg. (N. S.) 44; 4 Cin. Law Bul. 1003.] [1]

District Court, D. Indiana. 1880.[2]

BANKRUPTCY—ADJUDICATION AGAINST HUSBAND—EFFECT ON DOWER — FOLLOWING STATE DECISIONS.

1. An adjudication of bankruptcy having been held by the courts of Indiana, to have the same effect upon the wife's claim to dower as a judicial sale of the husband's real estate, the federal courts will follow that rule in regard to land in that state.

2. By the law of Indiana, a wife's inchoate right of dower becomes absolute, upon the judicial sale of her husband's real estate and she is entitled to immediate possession.

3. But this rule does not apply to land in which the husband has only an equitable title. As to such lands an adjudication of bankruptcy against the husband, passes his title to the assignee free from any claim of the wife.

Bill to quiet title. On exceptions to master's report. The plaintiff is the assignee of William F. Noble, a bankrupt. Rachael Noble, one of the defendants, is the wife of the

---

[1] [4 Cin. Law Bul. 1003, contains only a partial report.]

[2] [Reversed in 2 Fed. 202.]

bankrupt. Among the assets of the bankrupt that passed to his assignee was a parcel of real estate that had formerly constituted a portion of the common-school lands of the state. William F. Noble, the bankrupt, held title to it by certificate of purchase from the officer authorized to sell the school lands. He had paid a portion only of the purchase-money, and had received no deed. His only muniment of title was his certificate of purchase. He had been in possession of the land under his purchase for many years before his bankruptcy. In the course of his administration of the bankrupt's estate, the assignee, pursuant to authority of the court, borrowed money upon security of the land and paid the remainder of the purchase-money. This suit was brought by the assignee to quiet the title as against a claim asserted by Rachael Noble to a marital interest in the land.

The 27th section of the Indiana statute of descents (18 Davis' St. p. 413) is as follows: "A surviving wife is entitled, except as in section 17 excepted, to one-third of all the real estate of which her husband may have been seised in fee-simple, at any time during the marriage, and in the conveyance of which she may not have joined in due form of law; and also of all lands in which her husband had an equitable interest at the time of his death; provided, that if the husband shall have left a will the wife may elect to take under the will instead of this or the foregoing provisions of this act." The 29th section of that statute is as follows: "If the husband shall have made a contract for lands, and at the time of his decease the consideration, whole or in part, shall not have been paid, but after his death the same shall be paid out of the proceeds of his estate, his widow shall have one-third of said lands in the same manner as if the legal estate had vested in the husband during the coverture."

An act of the state legislature, approved March 11, 1875 (Laws 1875, p. 178), provides that a married woman's inchoate interest in her husband's lands shall become perfect, and that she shall be entitled to present possession and enjoyment in certain contingencies. Its first section is as follows: "Be it enacted by the general assembly of the state of Indiana, that in all cases of judicial sales of real property, in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold, or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of married women now becomes absolute upon the death of the husband, whenever by virtue of said sale the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. That when such inchoate right shall

become vested, under the provisions of this act, such wife shall have the right to the immediate possession thereof, and may have partition, upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her."

Rooker & Norton, for plaintiff. ·

Claypool, Newcomb & Ketcham and Dailey & Pickrell, for defendant.

GRESHAM, District Judge. It is urged by counsel for Mrs. Noble, that the adjudication of bankruptcy against her husband, and the transference of her husband's title to his property to his assignee, amount to a "judicial sale" of his property within the meaning of the act of March 11th, 1875, and that she stands vested with the same interest in his estate as she would have inherited in the event of his death. The first branch of this proposition is sustained by the recent decision of the supreme court of the state in Roberts v. Shroyer, which is not reported. This being a decision of the highest court of the state, upon a statute of the state, and upon a question relating to real property, must govern the same question in this court. I assume, therefore, that Mrs. Noble's right to immediate absolute ownership and possession of her marital interest in the lands of her husband is as complete as it would have been had the sale been made on execution under the judgment of a state court. But as to the other branch of the proposition, viz., that the interest she takes in · such contingency in real estate to which her husband held but an equitable title, is the same that she would inherit in the event of her husband's death—that is not decided by the case cited, nor by any other to which my attention has been called. The supreme court of the state has repeatedly held, that a married woman is vested with an inchoate title, during the lifetime of her husband, to all the real estate of which he was seised in fee during coverture, that, under the statute, would descend to her at his death. He cannot, without her concurrence, alienate or suffer alienation of this inchoate title vested in her. But as to lands in which he holds but an equitable title only, the case is different. In such lands she has no inchoate title. The twenty-seventh section of the descent law above cited shows this, and the supreme court of the state has repeatedly held, that the husband without her concurrence may dispose of such equitable title, and that the purchaser will hold the same clear of any claim of the wife. When land owned by the husband in fee is sold upon execution against him, the wife's vested inchoate right remains intact. That cannot be sold on execution against him, for it is not his. He cannot sell it himself, for it is vested in his wife. The act of March. 1875, enlarges the wife's right, in so far that it terminates in the contingency provided for the husband's right of survivorship, and admits her into ownership and possession during his lifetime. But in respect of land held by the husband by a merely equitable title, the case is entirely different. In such land the wife has no vested inchoate interest during his lifetime. While he lives, the equitable title is his absolutely. He may sell it without consulting her. His dominion and ownership are absolute. This being the character of his ownership of an equitable title to land, it must, of course, be subject, like any other property owned absolutely by him, to the claims of his creditors. If, upon creditor's bill, or upon proceedings supplemental to execution, it is subjected to the claims of his creditors during his lifetime, he would not, of course, hold "an equitable interest at the time of his death," within the meaning of section 27 of the descent law, and his widow would inherit nothing.

As said before, I regard the case of Roberts v. Shroyer [unreported] as an authoritative interpretation of the act of March, 1875, irrespective of any question respecting its original merits. I may add, however, that it accords with my own view of the proper interpretation of that act. Conceding, therefore, to that act, as thus interpreted, the greatest efficacy that can be claimed for it here, we have but the case of a judicial sale of an equitable title to real estate, made in a husband's lifetime, to pay his debts, leaving nothing to descend to his wife. The act of March 11th, 1875, neither by its letter nor spirit gives the wife an interest in such case. By its terms it applies only to judicial sales of real estate of the husband, in which the wife "has an inchoate interest by virtue of her marriage." The twenty-ninth section of the statute of descents, above cited, is not applicable here. That section has reference to the settlement of a decedent's estate and the descent of real property, as between the widow and the other heirs. It was not intended to establish the rights of the widow as against creditors. The case under consideration is that of a contract for the purchase of real estate where but partial payments of purchase-money have been made, being subjected to sale to satisfy the demands of creditors. The exceptions to the master's report are overruled.

[An appeal was taken to the circuit court, where the decree of this court was reversed. 2 Fed. 202.]